MARION E. LACHS, Respondent, *v.* FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.

First Department, May 12, 1953.

Henry J. Bogatko of counsel (Archie M. Stevenson and William M. Keegan with him on the brief; Bigham, Englar, Jones & Houston, attorneys), for appellant.

A. David Rosen of counsel (Meyer Licht with him on the brief; Rosen & Licht, attorneys), for respondent.

Per Curiam. Plaintiff, as beneficiary of an insurance policy, sues defendant, insurer, for $25,000, the principal amount of airline trip insurance which one Sadie Bernstein procured as applicant from an automatic policy vending machine of defendant on December 16, 1951, at Newark Airport, Newark, New Jersey, claiming that the policy insured the applicant against loss of life while a passenger on a flight from Newark, New Jersey, to Miami, Florida, on a plane operated by Miami Airlines, Inc. The plane crashed and Sadie Bernstein was killed shortly after the plane left Newark Airport on the above date.

Defendant insurer, resisting the claim of plaintiff, Marion E. Lachs, beneficiary, moved for summary judgment in its favor and dismissal of the complaint on the merits on the ground of lack of coverage, specifically because the policy by its terms applied only to a flight on a " Scheduled Airline " or flight by " a Civilian Scheduled Airline maintaining regular, published schedules ". The insurer contends that the Miami Airlines, Inc., was not a civilian scheduled airline and that this is established by documentary and other proof which cannot be disputed.

Only if the phrases in question are so clear and unambiguous that they can mean only one thing, i.e., that which defendant claims they mean, may defendant get summary judgment without a trial, and the burden is on defendant to establish that such is the only meaning or construction that can fairly be placed thereon (Hartol Products Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49).

Defendant does not claim that the words in question were defined in the policies; the term " non-scheduled airline " was not in use by the Civil Aeronautics Board when this policy was

issued, but the term " irregular " airline had been adopted, apparently to signify a line with scheduled flights which were not required to be flown unless enough tickets were sold to make it profitable. On the affidavits and exhibits submitted on the motion for summary judgment, we think defendant did not sustain the burden of proof and, accordingly, we hold that Special Term properly ruled that the language of the coverage was not so plain and unmistakably clear as to compel dismissal of the complaint as a matter of law on the merits and the granting of summary judgment in defendant's favor.

The order of Special Term should be affirmed, with costs to respondent.

PECK, P. J. (dissenting). The term " Scheduled Airline " has a definite meaning in the law. It is clear both as a matter of fact and of law that the airline involved in this case was not a " Scheduled Airline ". I am unable to see that any further development of the facts by trial could lead to any conclusion other than that the policy in question did not cover the flight in question. In my opinion, therefore, the order appealed from should be reversed and the motion for summary judgment granted.

GLENNON, DORE, VAN VOORHIS and BERGAN, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [See 282 App. Div. 667.]